NOT FOR PUBICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOREAL LAYNE MAYS,<br><br>      Plaintiff,<br> v.<br><br>EXPRESSJET AIRLINES, INC., UNITED AIRLINES, INC., PAUL DEAN, JOHN DOE(S) 1-10 (fictitious individuals presently unknown); JANE DOE(S) 1-10 (fictitious individuals presently unknown); ABC CORP(S) 1-10 (fictitious corporations presently unknown); and Paul Dean Gilbert, III.<br><br>      Defendants. | Civil No.: 2:18-cv-16043 (ES) (CLW)<br><br>**Report and Recommendation** |

**Waldor, Magistrate Judge**

   This matter comes before the Court by way of referral from the Honorable Esther Salas to issue a Report and Recommendation regarding Plaintiff Noreal Layne Mays' ("Plaintiff") motion to remand. (ECF No. 31.) Defendants' ExpressJet Airlines, LLC ("ExpressJet") and United Airlines, Inc., ("United") (collectively "Defendants") oppose the motion. (ECF No. 34.) Decided without oral argument pursuant to Local Rule 78, for the reasons set forth below, the Court recommends that the motion be **GRANTED**.

## BACKGROUND

   This tort and breach of contract action stems from the alleged sexual assault of Plaintiff by a flight attendant that occurred while traveling from Grand Rapids, Michigan to Newark, New Jersey. (ECF No. 5.) The Complaint alleges various common law negligence and breach of contract allegations against Defendants.

**NOT FOR PUBICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

On or about October 26, 2018, Plaintiff filed a complaint in the Superior Court of New Jersey, Essex County ("Original Complaint") wherein she stated that she was a resident of New Jersey. (ECF No. 1.) On November 12, 2018, Defendants removed the action to this Court, asserting diversity jurisdiction, pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a) because at the time the Original Complaint was filed, Plaintiff alleged she was a resident of New Jersey, ExpressJet was and is currently a corporation incorporated under the laws of Utah with its principle place of business in Georgia, and United was and is currently a corporation incorporated under the laws of Delaware with its principle place in Illinois. (ECF No. 1.) On November 28, 2019, Plaintiff filed an Amended Complaint (ECF No. 5) wherein she alleges that in the Original Complaint incorrectly stated she was a resident of New Jersey instead of Georgia, where she moved September 28, 2018, almost a month prior to filing the Original Complaint. On December 4, 2018, Plaintiff filed a motion for remand (ECF No. 7), which Defendants opposed (ECF No. 12). On April 1, 2019, this Court issued an order (ECF No. 19) terminating the motion for remand in order to permit the parties to conduct jurisdictional discovery regarding Plaintiff's place of residence. On November 15, 2019, Plaintiff re-filed her motion for remand (ECF No. 31) on the ground that this Court lacks subject matter jurisdiction because jurisdictional discovery revealed that Plaintiff is a resident of Georgia and therefore, there is not complete diversity among the parties.

## DISCUSSION

It is well-established that for a federal court to have subject matter jurisdiction under Section 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); *Strawbridge v. Curtiss*, 3 Cranch 267, 2

NOT FOR PUBICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants); see also *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (reaffirming long-standing and undisturbed interpretation of 28 U.S.C. § 1332(a)(1) as standing for the rule that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

In this matter, the amount in controversy is greater than 75 thousand dollars and not in dispute. However, although the parties agree on citizenship for each Defendant, they disagree on Plaintiff's citizenship. Specifically, whether she is a citizen of New Jersey or Georgia, the latter of which destroys complete diversity.

For purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled[,]"which is an individual's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citations omitted); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006); *Vlandis v. Kline*, 214 U.S. 441, 454 (1973). Domicile is correctly recognized by the establishment of: (1) a party's physical presence in a state with (2) the intent to remain there indefinitely. *McCann*, 458 F.3d at 286 (3d Cir. 2006) ("An individual can change domicile instantly to do so, two things are required "[s]he must take up residence at the new domicile, and [s]he must intend to remain there"). Additionally, an individual can change domicile instantly by "tak[ing] up residence at the new domicile, and [ ] intend[ing] to remain there." *Id*.

"The party asserting diversity jurisdiction bears the burden of proof." *Id*. (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

**NOT FOR PUBICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Here, Defendants, the proponent of federal jurisdiction, bear the burden of establishing diversity of citizenship. Defendants contend that Plaintiff should have been considered a resident of New Jersey at the time the Original Complaint was filed based primarily on Plaintiff's attorney erroneously stating she was a citizen of New Jersey.[1] Defendants go on to argue that the jurisdictional discovery weighs in favor of denying the motion for remand because, Plaintiff maintained her New Jersey driver's license and vehicle registration; continued to pay for a contracted gym membership in New Jersey; has friends and family living in New Jersey; went to the doctor twice in New Jersey during 2019; and rented a U-Haul to move her remaining possessions to Georgia.

However, the limited jurisdictional discovery also established that Plaintiff moved to Georgia on September 28, 2018 where she continues to reside. Additionally, the jurisdiction discovery demonstrated that prior to filing the Original Complaint, Plaintiff intended to move to Georgia and remain there by:

1. Receiving and accepting a job offer in Atlanta, Georgia on September 11, 2018 (ECF No. 31-9);
2. Applying for a rental apartment in Georgia with a desired move in date of September 28, 2018 (ECF No. 31-4);
3. Moving herself and possessions to Georgia (ECF No. 31-3);
4. In her sworn declaration, Plaintiff states that she moved to Georgia with no intention of returning to live in New Jersey;
5. Forwarding her mail from a New Jersey address to her new Georgia address on September 27, 2018 (ECF No. 31-5);
6. Moving into and signing a two-year least at an apartment in Georgia (ECF No. 31-7); and
7. Changing the address associated with her bank account to her new Georgia address (ECF No. 35, 234: 22-25; 235: 1-11).

---

[1] Notably, Plaintiff's counsel stated in his sworn declaration and the briefing that this was an error on his part and that prior to the filing of the Original Complaint, Plaintiff identified her permanent residence to be Georgia. (ECF Nos. 38, 38-1.)

**NOT FOR PUBICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In weighing the evidence obtained through jurisdictional discovery and presented by the parties, the Court finds that Defendants have not met their burden in establishing that Plaintiff was domiciled in New Jersey at the time the Original Complaint was filed. To the contrary, the evidence clearly demonstrates that Plaintiff is currently and was a citizen of Georgia at the time the Original Complaint was filed. The Court thus does not have subject matter jurisdiction over this suit.

## CONCLUSION

For the reasons set forth above and because this Court lacks subject matter jurisdiction, the Court recommends that Plaintiff's motion to remand (ECF No. 31) be **GRANTED**, and the case be remanded to the Superior Court of New Jersey, Essex County.

Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this Report and Recommendation is filed with the Clerk of Court to file and serve objections to this Report and Recommendation.

*s/Cathy L. Waldor*

**Dated:     February 3, 2020**                          **CATHY L. WALDOR**

**United States Magistrate Judge**